## P. H. MaGirl v. E. J. Hastings and Frank Supple, Partners, etc.

1. PROPOSITIONS OF LAW—*when improperly refused.* Where propositions of law are pertinent to the evidence, it is error to refuse the same.

2. ESTOPPEL—*when doctrine of, does not apply.* Mere acceptance by a party of work done for him without complaint, does not operate as an estoppel to institute an action for damages for breach of contract.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

ROWELL & LINDLEY, for appellant.

KERRICK & BRACKEN, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit by Hastings & Co. against MaGirl to recover an alleged balance due them upon a contract entered into between the parties whereby plaintiffs were to provide the materials and perform the work for the building of the foundations and walls of a foundry for defendant, MaGirl. The declaration consisted of simply the common counts. The general issue was pleaded and several special pleas. A jury was waived and by agreement of parties the cause was tried by the court. A finding was made for the plaintiffs in the sum of $806.43, upon which judgment was entered.

The record shows that prior to rendition of judgment the trial judge by the agreement and at the request of both parties made a personal examination and inspection of the walls and all other work in controversy in this cause; that when the bill of exceptions was presented to the trial judge for his signature and seal the defendants objected to its being shown in the bill that he had by such agreement made such examination and inspection; that the objection was overruled and defendant excepted; that

thereupon defendant requested the judge to insert in the bill a statement and findings as to what he saw and observed at such examination and inspection, and that the request was denied and the defendant excepted. The defendant pleaded divers items of set-off and damages by reason of bad workmanship and for failure to complete the work in the time provided by the contract. The arguments contain much discussion of the evidence concerning these various matters, but we do not deem it necessary to say further of them than that the evidence in relation thereto is contradictory, and that in view of our conclusion that the judgment must be reversed for error of law, it is not necessary for us to consider the question as to where the preponderance of the evidence lies.

The contract contains the following provision: " All payments shall be made upon the written certificates of the architect to the effect that such payments have become due." The fourth plea sets up that provision and that no such certificate had been given. The replication thereto avers that by mutual agreement said provision was waived, canceled and abrogated, and issue was made upon that agreement. We think the evidence in the record establishes the truth of the replication. Defendant submitted to the court thirteen propositions of law, two of which were by the court held and eleven refused. No propositions were submitted by the plaintiffs nor were any stated by the court on its own motion. The following proposition offered by the defendant was held by the court : " The court holds that by the written and sealed contract in evidence in this case for the construction of the concrete walls in controversy, the plaintiffs were required to so construct said walls as to make the inside and outside faces of said walls smooth and even, and said faces were required to be of cement and sand in the proportion of one part of cement to three parts of sand," and the two following, and others of substantially the same import were refused by the court : " The court holds that a failure by defendant to mention to plaintiffs his claim for damages

for improper construction of the concrete work until after the parties had together measured the dimensions of the foundation in an effort to agree upon said measurements, would not raise any estoppel against defendant to claim such damages by reason of said work not being constructed in accordance with the requirements of the written contract as are shown by the evidence in this case;" and, "The court holds that the law is that the defendant may by showing that said concrete walls are not constructed as required by said written and sealed contract and that the faces thereof are not smooth and even inside and outside, and that in other ways said walls fail to fulfill the requirements of said contract and that damage is caused to defendant and to said building by reason of said failure, set off against the claim of plaintiffs for the price of constructing said concrete work, the amount of said damage as the same appears from a preponderance of the evidence." No proposition covering or relative to the subject of these refused was held by the court. We are at a loss to perceive why these propositions were not held. They are pertinent to the evidence shown by the record. Their refusal was in substance a holding that appellant by his silence or in some other way, was estopped to set up any claim for damages. The record is barren of proof to establish estoppel. No element of estoppel appears to exist. The view taken seems to have been that appellant received the work done without complaint and thereby was precluded from setting up any claim for damages. We do not understand the law so to be. If the contractor fails to perform his contract a right of action accrues to the owner to recover damages for such failure. The acquisition of such right of action does not depend upon his making mention or complaint of such failure or demand for the due fulfillment of the contract. It is the contractor's business to fulfill his contract whether or not complaint or demand be made by the owner. If he fails to fulfill and thereby a right of action for damages accrues to the owner, the latter does not lose such right by his failure to complain when he receives the

work. A substantial legal right to damages may be released, paid or otherwise satisfied or settled but it is not and cannot be lost or extinguished by mere failure to declare that it exists. Failure to claim it may under certain circumstances be strong evidence that none exists. It is evidence tending to disprove the existence of an alleged fact, to wit, a right of action for damages. If the fact of right of action exists then failure to claim it is of no significance whatever. There is no question of the Statute of Limitations involved, nor has the doctrine of waiver any application.

It is also urged that the plaintiffs cannot recover upon the common counts. Whether or not they may recover under the common counts depends upon their making proof that they did substantially perform the contract, or if they did not that it was by reason of defendant's fault. We do not deem it necessary or proper to discuss the evidence upon that question. The error of the trial court in its holdings upon propositions of law necessitates the reversal of this judgment, and the fact that the trial judge at the request of both parties examined the work, does not relieve us from the necessity, since the error of law may have applied as well to what he learned by his examination as to the other evidence in record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*